## ANTONE v. SWENKER. (No. 3205.)

(Court of Civil Appeals of Texas. Texarkana.
April 1, 1926. Rehearing Denied
April 8, 1926.)

**1. Contracts ⬅147(1)—Intention of parties must control in construing contract.**

In construing meaning of contract, controlling effect must be given to intention of parties.

**2. Contracts ⬅176(1).**

Intention of parties to contract is question of law, when it clearly appears from their language.

**3. Contracts ⬅176(1).**

Intention of parties to contract, when not clear from language, is question of fact, determined from pertinent evidence.

**4. Mortgages ⬅122—Note for payment of interest on stated sum until payee's death, note to be thereafter void, construed with trust deed and instrument evidencing indebtedness, held to obligate makers to pay principal and interest, and to entitle payee to foreclose trust deed.**

Note for payment of interest monthly on stated sum, until payee's death, to be void after her death, with option to pay note at any time and stop interest, together with deed of trust providing for sale of property on default of four interest payments mentioned in note, and a concurrent instrument evidencing indebtedness in sum stated in note, *held* to obligate makers to pay both principal and interest, and entitled payee to foreclosure of trust deed on default.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by Mrs. Mary B. Swenker against F. A. Antone. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee, plaintiff in the court below, alleged in her petition that appellant, in his individual capacity, and as the independent executor of the will of Eva Haywood Antone, his deceased wife, was indebted to her "in a large sum," in that they "signed and delivered to plaintiff their certain instrument of writing wherein and whereby they promised and agreed to pay to plaintiff until her death interest on $2,250 at the rate of 8 per cent. per annum, the interest payable monthly on the first day of each month during the natural life of the plaintiff."

Appellee alleged, further, and at the trial proved, that to secure her in the "payment of the aforesaid note" appellant and his wife at the time they executed the note conveyed certain described land to one B. Frank Edwards in trust, and in their deed to him provided—

"that, in case of failure or default in the payment of four successive payments mentioned in said note, according to its terms and face, at the maturity of the same, then in such event the said B. Frank Edwards was thereby fully authorized and empowered and made his special duty at the request of the plaintiff at any time after default of four successive payments to sell the above-described property to the highest bidder for cash, * * * to receive the proceeds of said sale and apply the same to the payment of said note, the interest thereon accrued," etc.

Appellee alleged, further, that—

"The said defendant, Felix Antone, has defaulted in the payment of said interest payments, and that there are now due and unpaid on said contract the payments falling due for each month since and including the month of February, 1924, aggregating fifteen monthly payments of $15 each, of the total sum of $225, with interest thereon at the rate of 8 per cent. on each installment until the payment; that by the terms of said contract and deed of trust the aforesaid note has matured and is now due; that the same is unpaid; that the defendant, although often requested, has neglected and refused, and still neglects and refuses, to pay the same or any part thereof, except the interest payments thereon up to and including the month of January, 1924, to plaintiff's damage the sum of $2,500."

The prayer in said petition was that appellee "have judgment for the amount of her debt, interest, and a foreclosure of her lien on the aforesaid property, * * * all costs of suit, and for such other and further relief, both general and special, as she may be entitled to in law or equity."

The note referred to was made an exhibit to appellee's petition, and was as follows:

"Clarksville, Tex., April 15, 1921.

"Until the death of Mrs. Mary B. Swenker of Jacksonville, Illinois, we promise to pay interest on $2,250 at the rate of 8 per cent. from May 1, 1921, interest payable monthly on the first day of each month during the natural lifetime of said Mrs. Mary B. Swenker.

"It is expressly agreed and understood by all parties hereto that this note, at the death of said Mrs. Mary B. Swenker, is to, and shall, be null and void, and of no further effect, and that this note is nonnegotiable, and, to secure the interest due on said amount the undersigned have executed a deed of trust of even date herewith.

"The makers of this note have the option at any time to retire or pay this $2,250 note, if they so desire, and discontinue paying interest.

"F. A. Antone.
"Eva Haywood Antone.
"Address: Clarksville, Tex."

It appeared from testimony heard at the trial (which was before the court without a jury) that at the time the note and trust deed referred to above were executed, and as a part of the same transaction, the parties executed another instrument in writing, in which it was recited that appellant and his wife were "indebted to the said Mrs. Mary B. Swenker, formerly Mrs. Mary B. Kreuger,

in the sum of $2,250, as evidenced by a certain nonnegotiable promissory note of even date herewith, and which is attached hereto and made a part of this contract, said note being secured by a certain deed of trust on lot 1 and the N. ½ of lot 2, block 96, Gordon addition to the city of Clarksville, Tex., and the residence thereon."

The instrument contained other recitals and stipulations as follows:

"(4) The said parties of the second part shall pay to the said Mrs. Mary B. Swenker the sum of $15 monthly, payable on or before the first day of each month during her natural lifetime, unless the indebtedness is sooner discharged by payment of the principal, which privilege it is hereby agreed the parties of the second part shall, and do, have of exercising at any time; but it is hereby expressly agreed and understood that at the death of the said Mrs. Mary B. Swenker that the said note and deed of trust executed by the said F. A. Antone shall become null and void and of no further effect, and all payments thereon shall cease and all liens terminate, and the said parties of the second part, their heirs, administrators or assigns, shall be no further liable to the parties of the first part herein.

"(5) No legal steps shall be taken towards foreclosing upon or selling the property conveyed by the said deed of trust until the parties of the second part shall default and become in arrears at least four payments.

"(6) All payments hereinbefore mentioned are due and payable on or before the first day of each month, and that all overdue payments shall bear 8 per cent. interest from the due date thereof until paid.

"(7) The said F. A. Antone shall have the privilege of substituting other security equal in value to the security hereinbefore mentioned and also described in the said deed of trust at any time, by giving the said Mrs. Mary B. Swenker 10 days' written notice of his intention to do so, and, in the event the first and second parties hereto are unable to agree about the value of the property to be substituted, each —the first and second parties—herein shall appoint a representative, and the two representatives so appointed shall select a third, and they shall determine as to the value of the property.

"(8) The parties of the first part hereby agree to execute and acknowledge a proper release of the said deed of trust lien, in which B. Frank Edwards is trustee, and place said release in some bank to be held in escrow until the death of the said Mrs. Mary B. Swenker, at which time the said trustee or the bank holding the said release in escrow, shall deliver same to the parties of the second part herein, according to agreement relative to the consideration herein.

"(9) In the event the premises described in the said deed of trust shall be destroyed by fire or an act of God, it is hereby agreed that the party of the second part shall have the privilege of using the proceeds of the insurance covering said property in building and erecting a similar dwelling of equal value to the one so destroyed, and the proceeds of said insurance shall be collected and placed in escrow in a bank, and the lien then existing on said property shall remain in full force and effect."

It appeared from other testimony heard by the court that the consideration for the note sued upon was an interest owned by appellee in a printing plant which she sold and delivered to appellant and his deceased wife. It appeared, further, that no part of the $2,250, and none of the interest accruing thereon after January, 1924, was ever paid to appellee.

Having concluded on facts, he found that the three instruments hereinbefore referred to "should be read and considered together as evidencing one entire and complete contract, and, as thus read, it clearly appears therefrom that the value of the property sold by the plaintiff to the defendant was fixed and agreed to at the sum of $2,250, and secured by lien on the property described in plaintiff's petition, and that the defendant was given the option of settling the amount thus due by paying interest thereon at the rate of $15 per month for and during the natural life of the plaintiff; but a failure to pay for four successive months matured the debt, and entitled the plaintiff to foreclose her lien on the property described in the deed of trust."

The trial court rendered judgment in appellee's favor against appellant for the sum of $2,587.05, and foreclosing the lien of the trust deed and directing a sale of the property described in it, and the application of the proceeds of such sale to the satisfaction of said sum of $2,587.05, interest thereon, and costs of suit. Thereupon appellant prosecuted this appeal.

Patrick & Eubank, of Paris, for appellant.
Lennox & Lennox, of Clarksville, for appellee.

WILLSON, C. J. (after stating the facts as above). The main contention presented by the assignments in appellant's brief is that the trial court erred when he construed the contract evidenced by the three written instruments referred to in the statement above to be one binding appellant in any event to pay appellee $2,250 as specified.

[1-3] In construing the meaning of the contract, it was the duty of the court to give controlling effect to the intention of the parties. What their intention was was a question of law, if it clearly appeared from the language they used; otherwise it was a question of fact, determinable from pertinent evidence, as any other fact would be. Looking to the language of the instruments evidencing the contract, we think it must be said to be doubtful whether the parties intended that appellant should ever become and be liable to pay appellee $2,250 or not. If it was, then the question the trial court had to determine was one of fact, and the question for us to determine is as to whether there was testimony to support the court's finding. We think there was such testimony,

and therefore overrule the contention specified.

[4] It appeared from the instrument last referred to in the statement above that appellant was "indebted" to appellee in said sum of $2,250 on account of an interest in a printing plant which she sold to him. It appeared from the note sued upon that the makers thereof had "the option (quoting) at any time to retire or pay this $2,250 note if they so desire, and discontinue paying interest." And it appeared from the trust deed that it was to secure the payment of the note, and that the person named therein as trustee, in case of "default in the payment of four successive payments mentioned in said note, "was to sell the real property therein described to the highest bidder, and, having received the proceeds of such sale, was "to apply same (quoting) to the payment of said note, the interest thereon accrued, and the expense of executing said trust," etc. We think the parts specified of the instruments referred to indicated the intention of the parties to be as determined by the trial court.

If the conclusion reached, to wit, that it does not appear that the trial court erred when he construed the contract as one binding appellant to pay the $2,250, is correct, then, of course, that court did not err when he foreclosed the trust deed, ordered a sale of the property it conveyed, and directed the application of the proceeds to the payment of the sum he adjudged in favor of appellee. For, evidently, the intention of the parties to the trust deed was to secure the performance by the makers of the note sued upon of their obligation to appellee.

We think there is no error in the judgment. Therefore it will be affirmed.